UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG BRADLEY PEREAU,<br><br>　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>WILLIAM SULLIVAN, Warden,<br><br>　　　　　　　　　Respondent. | Civil No.   07cv1118 WQH (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

Petitioner Craig Pereau, a state prisoner proceeding with counsel, has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. Petitioner claims his seven-year sentence, following his guilty plea in San Diego Superior Court case number SCD 183384, constituted cruel and unusual punishment in violation of the Eighth Amendment. The Court has considered the Petition, Respondent's Answer, and all the supporting documents submitted by the parties. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends the Petition be **DENIED**.

## II. BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical

///

fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness). The facts as found by the state appellate court are as follows:

> On June 8, 2004, an Orange County deputy sheriff saw Pereau driving recklessly in San Clemente. The deputy turned on the lights and siren and pursued the vehicle Pereau was driving. Pereau accelerated, nearly hitting another car. He drove 60 miles per hour through a residential area, entered Interstate 5, and reached speeds of over 110 miles per hour in heavy traffic. Officers finally stopped his vehicle south of Interstate 54 with a spike strip. Pereau exited from his vehicle and fled on foot. After his arrest, he was administered a breathalyzer test which came back with a .13 percent blood/alcohol level. Pereau has a criminal history extending back more than 25 years. He suffers from bipolar and post-traumatic stress disorders. He admits a problem with alcohol.

(Lodgment No. 7 at 2.)

## III. PROCEDURAL HISTORY

On December 6, 2004, Petitioner pled guilty to the following charges: (1) evading an officer with reckless driving, in violation of California Vehicle Code § 2800.2(a); (2) driving under the influence of alcohol, in violation of Vehicle Code § 23152(a); (3) driving while having a measurable blood alcohol level higher than 0.08 percent, in violation of Vehicle Code § 23152(b); and (4) resisting an officer, in violation of Penal Code § 148(a)(1). (Clerk's Transcript at 8.) Petitioner also admitted one prior felony strike conviction and five separate prison priors. (*Id*.)

On February 28, 2005, the trial court sentenced Petitioner to a total term of seven years. (CT at 143.) The sentence consisted of the midterm of two years for evading an officer with reckless driving, doubled to four years because of the strike priors, and three consecutive one-year terms for the first, second, and third prison priors. (Lodgment No. 3 at 40.) The trial court stayed the fourth and fifth prison priors. (*Id*.) Petitioner was sentenced on each of the misdemeanor counts to credit for time served. (Lodgment No. 3 at 42.)

On August 30, 2005, Petitioner filed an appeal in the California Court of Appeal, Fourth Appellate District, Division One. (Lodgment No. 4.) Petitioner argued his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment because he was not fully culpable for his crimes. (Lodgment No. 4 at 8.) On January 10, 2005, the Court of Appeal affirmed the judgment but for the stay of the prior prison term enhancements. (Lodgment No. 7 at 8.) The Court of Appeal struck the two prison priors that were originally stayed by the trial court. (*Id*.)

///

On February 16, 2006, Petitioner submitted a petition for review in the California Supreme Court. (Lodgment No. 8.) The petition was summarily denied on March 22, 2006. (Lodgment No. 9.)

Petitioner filed the instant Petition on June 20, 2007. [Doc. No. 1.] Respondent filed its Answer on August 17, 2007. [Doc. No. 5.] Petitioner did not file a Traverse.

## IV. DISCUSSION

Petitioner claims his seven-year sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment because his "organic brain syndrome/mental defects" reduced his culpability and responsibility.[1] (Petition at 6.) Respondent argues the Petition should be denied because the state court's adjudication of his claims did not contradict or unreasonably apply federal law as determined by the United States Supreme Court.

**A.   Standard of Review**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).

The current Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was <u>adjudicated on the merits</u> in State court proceedings unless the adjudication of the claim –
>
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Petitioner claims his sentence violates "the 8th/14th Amendments." (Petition at 6.) Based on the arguments presented in the instant Petition, as well as the arguments presented to the state appellate courts, it appears Petitioner is not raising a separate due process claim, but is instead citing to the Eighth Amendment as applied to the States via the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 667 (1962) (applying the Eighth Amendment to the States via the Fourteenth Amendment). Petitioner did not raise any due process claims in his direct appeal to the California Court of Appeal, (Lodgment No. 4 at 8), nor in his petition for review with the California Supreme Court, (Lodgment No. 8 at 8).

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (emphasis added).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) as follows:

>Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Lockyer*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," *id.*, the state court decision will not be "contrary to" clearly established federal law. *Id.*

**B.   Analysis**

Petitioner argues his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment because it is inconsistent with his degree of culpability. He alleges his conduct was the result of "organic brain syndrome/mental defects," and that his punishment "shocks the conscience" because he was not in control when the offenses occurred. Specifically, he claims he became delusional after he stopped taking his medications, which led him to become depressed and to drink alcohol before going for a drive.

///

The trial court acknowledged Petitioner's mental instability may have contributed to his poor judgment, but that his actions were serious in nature and placed many motorists in danger, "and to believe otherwise is naive." (Lodgment No. 3 at 38.) The trial court also noted Petitioner was before the court following his eighth felony conviction, and that the California legislature had established a determinative sentencing scheme for California-committed felonies. (*Id*. at 38-39.) Finally, the trial court noted Petitioner was on parole for a 1999 attempted first degree robbery conviction, when he committed the instant offense. (*Id*. at 39.) As a result, the trial court sentenced Petitioner to the middle term of four years, originally two years but doubled because of the prior strike, and consecutive one year sentences for the first, second, and third prison priors, which was mandatory by law. (*Id*. at 40.)

In affirming Petitioner's sentence on direct appeal, the Court of Appeal stated:

> Pereau ... contends that his punishment is cruel and unusual, claiming that the seven-year sentence for driving under the influence shocks the conscience and therefore violates the provisions against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution and article I, section 17 of the California Constitution. We note that Pereau was convicted of more than driving under the influence of alcohol or drugs, reject his contention, and find the sentence imposed in this case does not constitute cruel and unusual punishment.
>
> To the extent Pereau relies on the California Constitution, his challenge must be considered in light of [citations, footnotes omitted]. Pereau does not directly challenge the general facial constitutionality of the three strikes law, but argues its application to him is unconstitutional. He thus urges this court to vacate and remand the case for resentencing.
>
> Pereau, however, fails to appreciate that his punishment under scrutiny here is not only the result of his current offenses. From our independent review of the record in light of the pertinent law, we conclude application of the three strikes as to Pereau in this case is not cruel and/or unusual. California has the power to define crimes and prescribe punishment. This is a legislative function and we may interfere in this process only if a statute or statutory scheme prescribes a penalty so severe in relation to the crime or crimes to which it applies as to violate that constitutional prohibition. [Citations.] Ultimately, however, the test whether a specific punishment is cruel or unusual is whether it is "'out of all proportion to the offense...' so as to shock the conscience and offend fundamental notions of human dignity." [Citations.]
>
> As we noted in [*In re DeBeque*, 212 Cal. App. 3d 241, 249 (1989)], the analysis developed in [citations] merely provides guidelines for determining whether a given punishment is cruel or unusual and the importance of each criteria depends on the facts of the specific case. [Citations.] Determination whether a punishment is cruel or unusual may be based on the ... the nature of the offense and/or offender. [Citations.] The defendant has the burden of establishing his punishment is greater than that imposed for more serious offenses in California and that similar offenses in other states do not carry punishments as severe. [Citations.]
>
> Here, Pereau has not met that burden. Pereau's punishment is controlled in the first instance by his committing the current offenses while having been previously convicted of attempted robbery. That the Legislature saw it necessary to enact such statutes and sentencing

schemes to impose harsher punishment for recidivist offenders like Pereau does not shock our conscience. Pereau's prior convictions coupled with his present conduct qualified him for punishment under the three strikes law. Imposition of the legislatively required term was proper absent a showing Pereau falls outside the spirit of the three strikes law, which he does not.

Further, in light of the holdings in *Harmelin v. Michigan* (1991) 501 U.S. 957, *Rummell v. Estell* (1980) 445 U.S. 263, and the recent United States Supreme Court companion cases of *Ewing v. California* (2003) 538 U.S. 11 and *Lockyer v. Andrade* (2003) 538 U.S. 63, which held lengthy indeterminate life sentences imposed under California's three strikes law for recidivist criminals did not violate the Eighth Amendment, any reliance in this case upon federal prohibition of cruel and unusual punishment would likewise be unsuccessful. As already noted, Pereau suffered a prior serious felony conviction before the offense in this case, has served five separate prison terms, and was on parole when he committed the current crimes.

Given all the relevant considerations, the fact Pereau will serve seven years for his most recent felony conviction simply does not shock the conscience or offend concepts of human dignity. We thus conclude Pereau has failed to establish his sentence is so disproportionate to his "crime," which includes his recidivist behavior, and that the term imposed does not violate the constitutional prohibitions against cruel and/or unusual punishment.

(Lodgment No. 7 at 4-8.)

The state court determination was not unreasonable. The Eighth Amendment declares: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The final clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 284 (1983). However, "the 'precise contours' of the proportionality principle 'are unclear'" and it is applicable "only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003) (citations omitted). Reviewing courts "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types of and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem*, 463 U.S. at 290.

Here, following his most recent felony conviction, Petitioner was sentenced under California's Three Strikes law to a total term of seven years. Three Strikes is a recidivist statute and Petitioner, by any definition, is most definitely a recidivist. As noted by the Court of Appeal, the United States Supreme Court has held that lengthy indeterminate sentences imposed pursuant to California's Three Strikes law did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Ewing v. California*, 538 U.S. 11 (2003) (affirming a sentence of 25 years to life, under California's Three Strikes law, following a felony grand theft conviction); *see also Lockyer*, 538 U.S. at 77

(affirming a sentence of two consecutive terms of 25 years to life, under California's Three Strikes law, following a felony petty theft conviction). In upholding the sentences, the Supreme Court deferred to the California Legislature's policy judgment to enact a tough recidivism statute and held that states have "a valid interest in deterring and segregating habitual criminals." *Ewing,* 538 U.S. at 25 (citing *Parke*, 506 U.S. at 27). Thus, the state court's decision, which affirmed Petitioner's seven-year sentence under the Three Strikes law, was not contrary to, or an unreasonable application of, clearly established Supreme Court law.

Furthermore, to the extent Petitioner argues his "organic brain syndrome/mental defects" renders his sentence unconstitutional because it reduced his culpability, such a claim fails. In *Atkins v. Virginia*, 536 U.S. 304 (2002), the Supreme Court held the execution of a mentally retarded criminal was a cruel and unusual punishment prohibited by the Eighth Amendment. *Atkins*, 536 U.S. at 321. Similarly, in *Tennard v. Dretke*, 542 U.S. 274 (2004), the Supreme Court held that in the death penalty context, evidence of mental impairment was relevant mitigating evidence. *Tennard*, 542 U.S. at 287. However, those cases dealt with capital sentences and are therefore distinguishable. Absent a Supreme Court decision clearly establishing that mental illness renders a non-capital sentence unconstitutional, the state court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court law. Accordingly, based on the above analysis, this Court recommends Petitioner's claim be **DENIED**.

### V.  CONCLUSION

This Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition in its entirety.

**IT IS ORDERED** that no later than **July 21, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **10 days after being served with the objections**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: June 17, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge